# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **MOBILE COUNTY BOARD** | ) | |
| **OF HEALTH AND FAMILY** | ) | |
| **ORIENTED PRIMARY** | ) | |
| **HEALTH CARE CLINIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 1:19-cv-1007-JB-B** |
| **vs.** | ) | |
| | ) | |
| **RICHARD SACKLER;** | ) | |
| **BEVERLY SACKLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION BY MANUFACTURER DEFENDANTS FOR A TEMPORARY STAY PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION

Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceuticals Companies, Inc.; Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc.; Mallinckrodt LLC; and SpecGx LLC  (together, "Manufacturer Defendants")[1] submit this motion for a temporary stay of all proceedings in this

---

[1] Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc. dispute that they have been served but join this motion out of an abundance of caution and expressly reserve all defenses, including those related to service of process.

case until the Judicial Panel on Multidistrict Litigation ("JPML") renders a final decision on whether to transfer this action to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17- md-2804 ("Opiate MDL"). This motion is based on the points and authorities that follow, the exhibits attached hereto, the record before the Court, and any oral argument permitted by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MANUFACTURER DEFENDANTS' MOTION FOR A TEMPORARY STAY

### INTRODUCTION

Plaintiffs' action is one of more than 2,400 opioid-related lawsuits filed against various defendants, including manufacturers, distributors, and retailers of prescription opioid medications. Plaintiffs seek damages on behalf of doctors, health care payors, and opioid-addicted individuals. Plaintiffs contend that Manufacturer Defendants are liable for injuries incurred as a result of the misuse of prescription opioid medications. On December 5, 2017, the JPML created the Opiate MDL for cases just like this one—cases in which plaintiffs allege that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*,

290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017). To date, thousands of lawsuits have

been transferred to the Opiate MDL. As new lawsuits are filed across the country

each week, the JPML continues to transfer actions like this one to the Opiate MDL,

including similar cases that originated in state courts[2] and district courts, across the

Eleventh Circuit.[3] The allegations in Plaintiffs' Complaint resembles nearly all of

---

[2] *See, e.g.*, *Butler (Town of)*, 1:18-cv-00060; 1:18-op-45216 (S.D. Ala)., *Cherokee (Town of)*, 3:17cv2086 (N.D. Ala.), *Jefferson County, et al.*, 2:18-cv-626 (N.D. Ala.); *Snohomish County v. Purdue Pharma LP*, No. 2:19-cv-00368 (W.D. Wash.); *R D Burns v. Purdue Pharma L.P.*, No. 8:18-cv-00745 (C.D. Cal.); *United HealthCare Servs. Inc. v. Insys Therapeutics, Inc.*, No. 8:19-cv-00545 (C.D. Cal.); *City of San Clemente v. Purdue Pharma L.P.*, No. 3:19-cv-02326 (N.D. Cal.).

[3] *See, e.g.*, *City of San Diego v. Purdue Pharma L.P.*, No. 3:19-cv-00420 (S. D. Cal.); *City of Chula Vista, Cal. v. Amerisourcebergen Drug Corp.* No. 3:19-cv-01115 (S. D. Cal.); *Ada County v. Purdue Pharma, L.P.*, No. 1:19-cv- 00216 (D. Idaho); *Idaho v. Endo Health Sols. Inc.*, No. 1:19-cv-00286 (D. Idaho); *City of Pocatello v. Purdue Pharma, L.P.*, No. 4:19-cv-00189 (D. Idaho); *City of Chubbuck v. Purdue Pharma, L.P.*, No. 4:19-cv-00278 (D. Idaho); *Bingham County v. Purdue Pharma, L.P.*, No. 4:19-cv-00294 (D. Idaho); *City of Great Falls v. Purdue Pharma L.P.*, No. 4:19-cv-00008 (D. Mont.); *Missoula County v. Purdue Pharma L.P.*, No. 9:19-cv-00015 (D. Mont.); *Boulder City v. Purdue Pharma L.P.*, No. 2:19-cv-01057 (D. Nev.); *City of Mesquite v. Purdue Pharma L.P.*, 2:19-cv-01058 (D. Nev.); *Moapa Band of Paiute Indians v. Purdue Pharma L.P.*, No. 2:19-cv-01059 (D. Nev.); *County of Curry v. Purdue Pharma, LP*, No. 1:19-cv-00815 (D. Or.); *City of Lakewood v. Purdue Pharma LP*, No. 3:19-cv-05173 (W.D. Wash.); *Pima, County of v. Purdue Pharma LP*, No. 4:19-cv-00166 (D. Ariz.); *Tucson, City of v. Purdue Pharma LP*, No. 4:19-cv-00167 (D. Ariz.); *County of Santa Barbara et al v. Purdue Pharma, L.P.*, No. 2:19-cv-01186 (C.D., Cal.); *County of Ventura v. Purdue Pharma L.P.*, No. 2:19-cv-06799 (C.D. Cal.); *County of Yolo v. Amerisourcebergen Drug Corp.* No. 2:19-cv-00813 (E.D. Cal.); *County of San Mateo v. Purdue Pharma L.P.*, No. 4:19-cv-00949 (N.D. Cal.); *See, e.g., Cty. of Jim Wells v. Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. 2019) (Rosenthal, C.J.); *Jim Hogg Cty. v. Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. 2019) (Rosenthal, C.J.); *Cty. of Duval v. Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. 2019) (Hittner, J.); *Ellis Cty. v. Walgreens Boot Alliance, Inc*., No. 4:19- cv-02256 (S.D. Tex. 2019) (Hittner, J.); *Rockwall Cty. v. Purdue Pharma L.P.*, No. 4:19-cv-02181 (S.D. Tex. 2019) (Gilmore, J.); *Cty. of Walker v. OptumRx, Inc.*, No 4:19-cv-01767 (S.D. Tex. 2019) (Hughes, J.); *Kaufman Cty. v. Purdue Pharma L.P.*, No. 3:18-cv-02270-M (N.D. Tex. 2018); *Gonzales Healthcare Sys. v. McKesson Corp.*, No. 1:18-cv-45867 (N.D. Tex. 2018); *City of Eagle Pass v. Purdue Pharma L.P.*, No. 2:18-cv-00051 (W.D. Tex. 2018); *El Campo Memorial Hosp. v. McKesson Corp*., No. 4:18-cv-00751 (S.D. Tex. 2018); *City of Laredo v. Purdue Pharma L.P.*, No. 5:18-cv-00118 (S.D. Tex. 2018); *Cty. of Webb, Texas v. Purdue Pharma L.P.*, No. 5:18-cv-00011 (S.D. Tex. 2018);

the complaints filed in or transferred to the Opiate MDL.

On November 22, 2019 this case was tagged for transfer to the MDL. JPML Dkt. No. 6310. Manufacturer Defendants expect the JPML to enter a conditional transfer order ("CTO") initiating the transfer of this case to the MDL shortly. As with the thousands of cases before this one, at one of its upcoming hearings, the JPML will likely ultimately order the case transferred to the Opiate MDL. There, Honorable Dan A. Polster, the presiding judge over the Opiate MDL, will consider and resolve Plaintiffs' remand motion along with the scores of other motions by other Plaintiffs presenting substantially similar issues. Therefore, Manufacturer Defendants ask this Court to issue a temporary stay until the JPML decides whether to transfer this case.

## BACKGROUND

On October 15, 2019, Plaintiffs filed their Complaint in the Circuit Court of Mobile Count, Alabama. On November 20, 2019, Distributor Defendant McKesson Corporation removed this action on federal question grounds. Dkt. No. 1. On November 22, 2019, Plaintiffs filed a motion to Remand. Dkt. No. 3.

## ARGUMENT

This Court's power to stay proceedings is "incidental to the power inherent in

---

*Cty. of Zavala v. Purdue Pharma L.P.*, No. 2:18-cv-00052 (W.D. Tex. 2018*); Cty. of Montgomery v. Purdue Pharma L.P.*, No. 4:17-cv-03756 (S.D. Tex. 2017).

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, "the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Estate of Brockel ex rel. Brockel v. Purdue Pharma L.P.,* No. CV 17-00521-KD-MU, 2018 WL 3113912, at *3 (S.D. Ala. Feb. 27, 2018).

"[W]here a multi-district proceeding has been established, courts have routinely stayed motions pending rulings by the JPML." *Hess v. Volkswagen Grp. of Am., Inc.,* No. 2:16- CV-00668-KOB, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016). That is especially true when the MDL transfer process has already been initiated, as any delay is typically brief, and a stay would further the aim of judicial efficiency. Courts must "assess if a stay is 'better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties.'" *Brockel*, 2018 WL 3113912, at *3.

Indeed, numerous courts have noted that "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred [the case] to the MDL panel." *In re Diet Drug Litig.*, No.

CV 11-9507 CAS (JEMx), 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012) (citation omitted); *accord Robinson v. DePuy Orthopedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (same); *Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640, at *1 (W.D.N.Y. Nov. 4, 2005) (same). With all three factors weighing in favor of a stay, there is no reason to deviate from this "general rule" of granting a short stay until the JPML makes a transfer decision.

### A. A Stay Would Promote Judicial Economy.

As this Court has recently held, a stay would "provide uniformity through the nation as to how the issue" should be "resolved." *Brockel*, 2018 WL 3113912, at *7. Granting a stay under these circumstances would promote judicial economy because it would conserve the parties' and Court's resources, as well as avoid duplicative litigation. *Id.* at *7 (The Court found "that entry of a stay" to "allow the JMPL proceedings . . . to continue" was the proper course as "better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties."). Federal district courts across the country have stayed proceedings under analogous circumstances in more than 100 opioid-related cases like this one. *See* **Exhibit A.**

If the JPML transfers this case to the Opiate MDL, the transferee judge can rule on all of the pending motions that present same or similar issues. *See In re*

*Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("[T]he Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."); *Mangani v. Merck & Co.*, No. 2:06-cv-00914, 2006 WL 2707459, *2 (D. Nev. Sept. 19, 2006) ("[T]he interests of consistency, economy and fairness" support deferring consideration of Plaintiffs' motion because the MDL court "is gaining ample experience examining the relevant facts" necessary for assessing remand.). If the JPML does not transfer this case, this Court can address the remand motion at that time.

This Court and the Northern District of Alabama have both stayed proceedings or otherwise deferred consideration of pending remand motions presenting the same jurisdictional issue as Plaintiffs' remand motion until the JPML decides whether to transfer those actions to the MDL.[4] For example, in 2018, Chief United States District Judge Dubose, in this Court, stayed the proceedings in an opioid-related action. *See Brockel*, 2018 WL 3113912, at *3. Similarly, the Northern District of Alabama has also found that district courts

---

[4] Most recently, the Southern and Northern District of Alabama transferred related cases to the MDL before remand was decided: *Butler (Town of)* 1:18-cv-00060 (S.D. Ala.); *see* Doc. 5, "Order" staying proceedings; *Cherokee (Town of)* 3:17-cv-2086 (N.D. Ala.); *Jefferson County, et al.* 2:18-cv-626 (N.D. Ala.).

should defer to the JPML and transferee court in instances such as this:

> Undoubtedly, the original district court has the power to decide motions before the case is actually transferred, but that does not mean that the original district court should exercise that power in its discretion. Regardless of whether the JPML found that the transferee judge is in the best position to decide motions to remand, it did decide that the existence of pending motions to remand in those cases should not prevent the transfer to the MDL of the cases in which they are pending.

*Hess*, 2016 WL 3483166, at *5. Accordingly, the Northern District of Alabama declined to reach the merits of the Plaintiffs' remand motion. *Id.* at *5. The Court stated that "where jurisdictional issues are common to other cases already pending before the MDL," those "common issues should be decided by the transferee court overseeing the related cases: the decision by the transferee court would provide consistency and promote judicial economy." *Id.* at *5. Thus, the Northern District held that the "considerations of consistency and judicial economy outweigh[ed] any potential prejudice to the Plaintiffs from a short stay of proceedings." *Hess*, 2016 WL 3483166, at *5. This Court should similarly allow the JPML to decide the issues at stake here in the interest of promoting judicial economy.

Federal district courts in approximately 100 opioid-related cases like this one have stayed proceedings in analogous circumstances. Indeed, courts routinely

elect to stay removed cases pending a final transfer decision to an MDL.[5] Given
that the JPML and the Opiate MDL have seen and addressed scores of similar
cases with similar removal issues, issuing a stay until the JPML decides whether to
transfer is by far the most efficient approach.

In addition, staying the action until the JPML can determine whether to grant
the transfer will prevent conflict between pre-trial rulings made by this Court and
subsequent decisions of the district court where the actions are consolidated. As
other courts have recognized, a temporary stay in this situation will ensure
consistent adjudication of the issues this case shares with others in the Opiate
MDL. For example, in *Noble County v. Cardinal Health, Inc.*, No. 2:18- cv-01379
(S.D. Ohio) ("*Noble Cnty.*"), Defendants filed a motion to stay and Plaintiff Noble

---

[5] *E.g.*, Order, *Takoma Regional Hospital P.*, No. 2:19-cv-157 (E. D. Tenn.) (granting motion to
stay pending JPML decision); Order, *County of Jim Wells v. Purdue Pharma, L.P.,* No. 4:19-cv-
03580 (S.D. Tex. October 4, 2019); Order, *The City of Rochester v. Purdue Pharma L.P.*, No.
6:19-cv-06490-FPG (W.D.N.Y. Sept. 23, 2019) (granting motion to stay pending JPML
decision); Order, *City of Ogdensburg v. Purdue Pharma LP*, No. 8:19-cv-00782 (N.D.N.Y. Sept.
10, 2019) (same); Order, *City of Saratoga Springs v. Purdue Pharma LP*, No. 1:19-cv-00789
(N.D.N.Y. Sept. 10, 2019) (same); Order, *Cty. of Jim Hogg v. CVS Health Corp.*, No. 4:19-cv-
02816 (S.D. Tex., Sept. 4, 2019) (same); Order, *Cty. of Walker v. Abbott Labs.*, No. 4:19-cv-
01767 (S.D. Tex., July 15, 2019) (removed under CAFA, stayed, and transferred to the Opiate
MDL); Order, *City of Norwich v. Purdue Pharma L.P.*, No. 3:19-cv-00770 (D. Conn., June 28,
2019) (same); Order, *Town of Enfield v. Purdue Pharma L.P.*, No. 3:19-cv-00789 (D. Conn.,
June 28, 2019) (same); Order, *Illinois v. Purdue Pharma L.P.*, No. 1:19-cv-2169 (N.D. Ill., Mar.
28, 2019) (same); Order, *Washington Cty. v. Cardinal Health, Inc.*, No. 2:18-cv-01706 (S.D.
Ohio, Dec. 14, 2018) (same); Order, *Meigs Cty. v. Cardinal Health, Inc.*, No. 2:18-cv-01582
(S.D. Ohio, Apr. 3, 2019) (same); *Noble Cty. v. Cardinal Health, Inc.*, No. 2:18- cv- 01379 (S.D.
Ohio, Feb. 7, 2019) (same).

County responded with a motion to remand. Mot. to Stay, *Noble Cnty.* (Nov. 21, 2018); Mot. to Remand, *Noble Cnty.* (Nov. 29, 2018). The United States District Court for the Southern District of Ohio deferred decision on the merits of Noble County's remand motion to Judge Polster. Order Denying Pls.' Emergency Omnibus Mot. to Remand, *Noble Cnty.* (Dec. 14, 2018) (Dkt. No. 14-3). In so doing, Chief Judge Edmund A. Sargus, Jr. observed:

> "Consideration of the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated, any hardship and inequity to the Moving Defendants if the action is not stayed, and any potential prejudice to Noble County and Mylan Bertek leads the Court to conclude that these factors weigh in favor of staying this case pending a decision from the JPML on whether to transfer this case to the Opiate MDL."

*Id.* at 3.[6] The Court further explained in its Order granting defendants' motion to stay: "If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated. This duplicative litigation could cause hardship and inequity to the moving party." *See* **Exhibit B** at 3-4, *Noble Cnty.*, Dkt. No. 43; *see also*

---

[6] Defendants filed identical motions to stay in the *Meigs County* and *Washington County* cases, which were met with similar opposition from Plaintiffs. *See Meigs Cty.*, S.D. Ohio, ECF Nos. 26, 30, 31; *Washington Cty.*, S.D. Ohio, ECF Nos. 21, 26, 27. Plaintiffs and Mylan also filed motions to remand in these two cases as well. *See Meigs Cty.*, S.D. Ohio, ECF Nos. 27, 28; *Washington Cty.*, S.D. Ohio, ECF Nos. 24, 25. Each of these cases was later stayed and transferred to the MDL.

**Exhibit C**, *Noble Cnty.*, Dkt. No. 38. The Court recognized that, if the case is transferred, "the MDL court will add the case to those in which it is considering any and all pretrial matters." *Id*. at 4.

Similarly, in *County of Jim Hogg v. CVS Health Corp.*, No. 4:19-cv-02816 (S.D. Tex.), ("*Jim Hogg*") (Dkt. No. 14-2), Defendants moved to stay the action pending transfer to the JPML (Defs.' Mtn. to Stay, *Jim Hogg* (Aug. 19, 2019)), and Plaintiff sought remand (Pl.'s Mtn. to Remand, *Jim Hogg* (Aug. 20, 2019)). Finding that the case presented "similar removal issues" as the cases consolidated in the Opiate MDL, the Court granted a stay. Order at 4, *Jim Hogg* (Sept. 4, 2019). The Court reasoned: "Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *Id.*

This is precisely the goal of the Opiate MDL—to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017); *see also Village of Melrose Park v. McKesson Corp.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), Dkt. No. 26 ("[T]he JPML has determined that centralization of opioid litigation is proper due to common

11

questions of fact and that transfer should not be delayed pending rulings on remand motions."); *Kentucky* v. *McKesson Corp*., No. 3:18-cv-00010 (E.D. Ky., Apr. 12, 2018), Dkt. No. 14 ("Judge Polster has indicated his desire to address motions to remand *collectively* ") (emphasis added).

Permitting this case to proceed on a separate track would frustrate the JPML's creation of, and Judge Polster's administration of, the Opiate MDL. In order to ensure consistent rulings on *all* theories of removal among identically situated plaintiffs, a stay is likewise needed here.

Because the issue of whether removal is proper under the grounds raised here has arisen in cases that have already been transferred to the Opiate MDL, and cases that are likely to be transferred to the MDL, this Court should issue a stay to allow for consistent rulings on these jurisdictional issues. *See* **Exhibit D**, Order at 3, *Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma, LP*, No. 6:18-cv-00372-JWL (E.D. Okla. Apr. 3, 2019) ("If all proceedings are not stayed at this time, defendants will suffer a hardship to the extent that they are subjected to a risk of inconsistent rulings on the same jurisdictional questions that are raised in Plaintiffs' remand motion and in many cases already before the MDL court.").

**B.    Denying a Stay Would Cause Significant Hardship to Defendants.**

Defendants would face significant hardship in the absence of a stay. Manufacturer and Distributor Defendants are collectively involved in more than

2,400 opioid-related lawsuits across the country, and the central goal of the MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." **Exhibit E**, JPML Dec. 5, 2017 Transfer Order, Dkt. No. 328.

Allowing this case to proceed on a separate track would frustrate this goal, forcing Defendants to litigate the same issues in multiple forums and materially complicating efforts to coordinate discovery across the hundreds of substantially similar cases that other plaintiffs across the country have filed. *Brockel*, 2018 WL 3113912, at *3; *Hernandez v. ASNI, Inc.,* No. 2:15-CV-00078-LDG, 2015 WL 3932415 (D. Nev. June 24, 2015) (The "inequity to Defendant would be significant, as denying its request to stay proceedings would result in duplicative litigation in multiple courts."). Furthermore, proceeding in multiple forums would increase the risk of inconsistent rulings.

### C.    A Stay Would Cause Minimal, If Any, Prejudice to Plaintiffs.

Finally, Plaintiffs cannot identify any prejudice that they would suffer as the result of a stay. If the JPML does not transfer this case to the MDL, this Court can hear and decide Plaintiffs' remand motion at that time. As the Northern District of Alabama stated in *Hess,* "this court will then address the pending motions free of worry that it is duplicating efforts, that it is potentially providing an inconsistent

ruling, or that, in the midst of drafting an opinion, the case will be whisked away through transfer order, leaving behind a waste of this court's own judicial resources." *Hess*, 2016 WL 3483166, at *5.

If the JPML transfers this case to the MDL, the Northern District of Ohio will ultimately decide Plaintiffs' remand motion. District Courts have previously recognized that there will be minimal harm in deferring ruling on Plaintiffs' pending remand motions until after a decision by the MDL Panel. *Terway v. Syngenta Seeds, LLC*, No. 2:16-cv-01587, 2016 WL 4435745, at *2 (D. Nev. Aug. 19, 2016) ("Although Plaintiffs' Motion to Remand may be briefly delayed as a result of the stay, the interest in efficiency and uniformity outweighs the potential prejudice of a delay in these circumstances."); *Takoma Reg'l Hosp. v. Purdue Pharma, L.P.*, No. 2:19-cv-157 at *1, 3 (E.D. Tenn. Oct. 4, 2019) ("months of delay in a case that would . . . probably take years to resolve is [not] likely to yield serious prejudice," but rather, is "simply the price of uniformity, which has long been—and for good reason—a central goal of the federal judiciary.").

In the interests of judicial economy and efficiency, this Court should decline to address the removal issues in this case before the JPML has had a chance to render a final transfer decision. For example, to make a determination as to whether Plaintiffs' claims present a federal question, this Court will need to assess whether Plaintiffs' ostensibly state law claims actually depend on alleged duties

14

that could only be derived from the federal Controlled Substances Act. The JPML has transferred scores of cases to the Opiate MDL that defendants removed on federal question grounds that are now pending before Judge Polster. *See* **Exhibit F**.

## CONCLUSION

For the foregoing reasons, Manufacturer Defendants respectfully request that this Court stay all proceedings in this case, and defer consideration of Plaintiffs' motion to remand, pending a decision by the JPML on whether to transfer this case to the Opiate MDL.

Respectfully submitted this 27th day of November, 2019,

**COUNSEL FOR DEFENDANTS JOHNSON & JOHNSON and JANSSEN PHARMACEUTICALS, INC.:**

*/s/ Caroline D. Walker*

Christopher S. Berdy (ASB-4358-R68C)
Caroline D. Walker (ASB-3439-B10T)
Butler Snow LLP
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203
Tel: (205) 297-2200
Fax: (205) 297-2201
Email: chris.berdy@butlersnow.com
    caroline.walker@butlersnow.com


Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000

15

clifland@omm.com

*\* denotes national counsel who will seek pro hac vice admission*

**COUNSEL FOR DEFENDANTS ALLERGAN SALES, LLC AND ALLERGAN USA, INC.:**

*/s/ Donna Welch*
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
jennifer.levy@kirkland.com

*\* denotes national counsel who will seek pro hac vice admission*

**COUNSEL FOR DEFENDANTS ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS INC. and PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC. :**

*/s/ Sara Turner*
SARA M. TURNER (TUR061)
LEIGH ANNE FLEMING (HAM080)
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, Alabama  35203-5202
Telephone:    (205) 328-0480
Facsimile:    (205) 322-8007
smturner@bakerdonelson.com
lfleming@bakerdonelson.com

Sean O. Morris*
ARNOLD & PORTER KAYE
SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

* Admitted *pro hac vice*


**COUNSEL FOR DEFENDANTS
TEVA PHARMACEUTICALS USA,
INC., CEPHALON, INC., ACTAVIS
LLC, AND ACTAVIS PHARMA,
INC.:**


Wendy West Feinstein*
Morgan, Lewis & Bockius LLP
One Oxford Centre, 32 Floor
Pittsburgh, PA 15219-6401
Telephone: 412.560.3300
Fax: 412.560.7001
wendy.feinstein@morganlewis.com

*denotes national counsel who will seek pro hac vice admission*

**COUNSEL FOR DEFENDANT MALLINCKRODT LLC and SPECGX LLC:**

*/s/ Brien T. O'Connor*
Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com

Traci J. Irvin*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
traci.irvin@ropesgray.com

*denotes national counsel who will seek pro hac vice admission*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the above and forgoing pleading with the Clerk of the Court for the United States District Court for the Southern District of Alabama using the Court's CM/ECF filing system, which will provide notification of such filing to all registered ECF participants.

This the 27th day of November, 2019.


*/s/ Caroline D. Walker*
OF COUNSEL


50346476.v1