# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MOBILE COUNTY BOARD OF HEALTH *et al.*, | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action: 1:19-01007-KD-B ) |
| RICHARD SACKLER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on a review of Plaintiffs' request for attorneys' fees. (Doc. 3 at 17). This case was remanded on January 15, 2020 to the Circuit Court of Mobile County, Alabama. (Doc. 33).

Even after an action is dismissed for lack of jurisdiction, the Court may still address collateral matters such as attorney's fees and costs. See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1309 (11th Cir. 2016) ("[E]ven after an action is dismissed for lack of jurisdiction, district courts may still award costs and attorney's fees…") (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending" such as attorney's fees or costs after an action is dismissed for want of jurisdiction.).[1]

Plaintiffs seek attorneys' fees and expenses pursuant to 28 U.S.C. § 1447(c). (Doc. 3 at 17). Section 1447(c) states "[a]n order remanding the case may require payment of just costs and

---

[1] See also Ware v. Pine State Mortgage Corp., 754 Fed.Appx. 831, 832 (11th Cir. 2018) (a district court retains jurisdiction after remand to award costs); Bauknight v. Monroe Cty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (same); Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc., 19 F.Supp.2d 1334, 1336 (S.D. Fla. 1998) ("[A] remand order divests a district court of jurisdiction to reconsider its decision to remand the case. It does not, however, divest the district court of its jurisdiction to consider the collateral matter of attorney's fees and costs.").

1

any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he Supreme Court enunciated a standard to guide the district courts in deciding whether to award fees when remanding a case to state court because of improper removal." Bauknight v. Monroe County, 446 F.3d 1327, 1329 (11th Cir. 2006) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). In Martin v. Franklin Capital Corp., the Court explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, *e.g.,* Hornbuckle, 385 F.3d, at 541; Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 293 (C.A.5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

546 U.S. at 14. Moreover, there is no presumption in favor of the award of fees and expenses upon the grant of remand. Id. at 137-38; Bauknight, 446 F.3d at 1329; Devine v. Prison Health Services, Inc., 212 Fed. Appx. 890, 892 (11th Cir. 2006) ("In Martin, the Court held that there is no presumption in favor of the award of fees and costs upon the grant of remand for improvident removal.").

The Plaintiffs contend Defendants' removal of this action was objectively unreasonable because: 1) "[f]ederal question jurisdiction did not exist under either the well-pleaded complaint rule or Grable"; 2) "it appears that the removal was procedurally deficient for lack of consent of all defendants"; and 3) removal served only a strategic means by Defendants to "furnish a basis for transfer of the case to the MDL" and "to escape or minimize their liability…" (Doc. 3 at 18).

"Although, there is no "bright line rule" as to the definition of "objectively reasonable," courts that have applied the Martin standard typically focus upon whether the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party was incorrect on the facts or the law." Wells Fargo Bank, N.A., v. Wilson, 2019 WL 4668173, *3 (M.D. Fla. 2019). Upon consideration of the record, the Court is satisfied that Defendants had an objectively reasonable, although ultimately unsuccessful, basis for seeking removal. See e.g., Point One, LLC v. Cheekie Investments, 2007 WL 4219000, *7 (S.D. Fla. 2007) (denying plaintiffs request for attorney's fees even though defendants arguments for removal were unsuccessful); Wells Fargo Bank, N.A., v. Wilson, 2019 WL 4668173 at *3 (denying plaintiffs request for fees even when remand was warranted because the complaint alleged a state law claim and no federal issue was raised). Therefore, the Plaintiffs' motion for attorneys' fees is **DENIED**.

**DONE** and **ORDERED** this the **28th** day of **January 2020**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**